United States District Court
Southern District of Texas
**ENTERED**
September 09, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JORGE RIVERA SANCHEZ, | § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No: 1:25-cv-00186 |
| FRANCISCO VENEGAS, *et al.*, | § § § | |
| Respondents. | § | |

# ORDER

Before the Court is Petitioner Jorge Rivera Sanchez's ("Rivera Sanchez") "Petition for Writ of Habeas Corpus" and "Opposed Motion to Show Cause." Dkt. Nos. 1, 4. Rivera Sanchez, a Mexican citizen, claims that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Dkt. No. 1 at 3, 11–12. Rivera Sanchez moves the Court to order Respondents to show cause within three days why a Writ of Habeas Corpus should not be granted, pursuant to 28 U.S.C. § 2243. Dkt. No. 4 at 1. Rivera Sanchez claims that 8 U.S.C. § 1226 should apply to him, and not, as Respondents argue, § 1225. Dkt. No. 1 at 6. Section 1226 provides that the Attorney General may release an "alien" on bond, while § 1225 provides no such opportunity. 8 U.S.C. §§ 1226(a), 1225(b)(2)(A).

Prior to his arrest, Rivera Sanchez resided in the Rio Grande Valley area of Texas for over twenty years. Dkt. No. 4 at 1. He received an Order of Release on Recognizance ("OREC") consistent with § 1226. Dkt. No. 1 at 5. Later, Rivera Sanchez sought a bond redetermination in immigration court, but the immigration judge found that he did not have jurisdiction to issue a bond. Dkt. No. 4 at 2. The Department of Homeland Security argued that the court did not have jurisdiction because Rivera Sanchez was detained pursuant to 8 U.S.C. § 1225(b)(2).

*Id.* Rivera Sanchez claims that the DHS was wrong, and that he is wrongfully detained at El Valle Detention Center. Dkt. No. 1 at 6–10.

It does not plainly appear from the § 2241 Petition that Rivera Sanchez is not entitled to the requested relief. Rivera Sanchez's allegations, taken together, suffice to raise genuine questions as to which statutory section properly applies to him and what relief, if any, he is entitled to. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of the facility where Rivera Sanchez is detained. *See id.*

Here, Rivera Sanchez is held at the El Valle Detention Facility ("El Valle") in Raymondville, Texas. Dkt. No. 1 at 3. Rivera Sanchez's custodian, then, would appear to be the facility administrator of El Valle, Francisco Venegas. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining...the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action).

Accordingly, Rivera Sanchez's Opposed Motion to Show Cause is **GRANTED, IN PART**. It is **ORDERED** that Venegas has **20 days** from service of the § 2241 Petition to state why the writ of habeas corpus should not issue. The Court will set a deadline for Rivera Sanchez's reply after Venegas's filing.

The Clerk of Court is **DIRECTED** to correct the docket to reflect Francisco Venegas as the respondent, and to terminate all other listed respondents. If Venegas is no longer the custodial officer for El Valle, the Government shall inform the Court of who is the proper respondent.

**SO ORDERED.**

**SIGNED** on this **9th** day of **September, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**